EVE H. KARASIK (State Bar No. 155356)
PHILIP A. GASTEIER (SBN 130043)
LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: ehk@lnbyb.com; pag@lnbyb.com

Counsel for Kyle Anderson

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JONATHAN LEE SMITH,<br><br>        Debtor. | Case No. 2:21-bk-12542-BR<br><br>Chapter: 7<br><br>STIPULATION TO EXTEND TIME TO COMMENCE ACTION TO DETERMINE DISCHARGEABLITY OF DEBT<br><br>[No Hearing Required] |

      THIS STIPULATION ("this Stipulation") is entered into as of June 17, 2021, between Kyle Anderson ("Anderson") and Jonathan Lee Smith, the Debtor herein ("Debtor" and, collectively with Anderson, the "Parties"), by their undersigned attorneys, and is made with reference to the following facts:

      A.    Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), on March 30, 2021 (the "Petition Date").

      B.    Anderson has asserted that he may have certain causes of action against the Debtor supporting claims that may be determined to be nondischargeable pursuant to 11 U.S.C. §523 following an action commenced in conformity 11 U.S.C. §523(c) and Federal Rule of Bankruptcy

Procedure 4007 (a "523(c) Action"). The Debtor does not agree that Anderson has causes of action against the Debtor supporting claims that may be determined to be nondischargeable.

  C. In light of the limitation on the time for commencing a 523(c) Action provided in Federal Rule of Bankruptcy Procedure 4007, Anderson and the Debtor have agreed that the time within which Anderson must commence a 523(c) Action against the Debtor shall be extended by 90 days so that the Parties may continue their investigation and efforts to resolve their disputes without the necessity of preparation and filing of a complaint, all as more specifically provided in this Stipulation.

  NOW THEREFORE, with the foregoing background incorporated herein by reference, in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and both Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

  1. The time within which Anderson must commence a 523(c) Action against the Debtor shall be extended from the current June 28, 2021, to September 27, 2021 (the "Extension Period"). Any other time-related defenses that may be applicable to a 523(c) Action (including statutes of limitation, statutes of repose, estoppel, waiver or laches) shall be deemed tolled such that the Extension Period shall not be included in the computation of time for the purposes of such defenses. During the Extension Period, Anderson shall have the right to commence a 523(c) Action; provided, however, that the Debtor does not waive any of its defenses except defenses related to the enforceability of this Stipulation and, so long as any such 523(c) Action is commenced on or before September 27, 2021, time-bar defenses. The Debtor acknowledges that he will be estopped hereby from arguing that this Stipulation is ineffective to extend the time within which the Trustee may commence a 523(c) Action. In addition, Anderson and the Debtor contractually agree that Anderson shall have the right to commence a 523(c) Action up to the time set forth in this Stipulation and, so long as any such 523(c) Action is commenced prior to September 27, 2021, the Debtor waives and agrees not to assert the limitations on commencement of actions contained in Federal Rule of Bankruptcy Procedure 4007or other time-bar defenses as a defense to any 523(c) Action commenced by Anderson.

2. Notwithstanding any other provision of this Stipulation, this Stipulation does not affect or revive any claim or defense already barred prior to the date of this Stipulation, by applicable statutes of limitation, defenses or any time-related doctrines, nor does it alter or limit the right of the Defendant to contend that any action was already barred prior to the execution of this Stipulation, by applicable statutes of limitation, defenses or time-related doctrines.

3. Nothing herein shall be considered or construed to be an admission by any party hereto of liability to any other party, or as an admission of the validity of any allegation, claim, or defense whatsoever.

4. This Stipulation shall be binding upon, and the benefit hereof shall inure to, the parties hereto, and their respective heirs, executors, administrators, trustees, agents, representatives, successors and assigns.

5. This Stipulation may be amended, modified or supplemented by a writing signed by all parties hereto or by their legally authorized representatives. This Stipulation may not be modified orally and any purported oral modification shall not be effective.

6. Each party to this Stipulation and each person executing this document on behalf of each party to this Stipulation warrants and represents that he or she has the power and authority to execute, deliver and perform its obligations under this Stipulation.

7. This Stipulation may be executed in counterparts, and as long as each party has executed at least one counterpart, this Stipulation is enforceable and all parties agree after the fact to circulate signature pages so that each party retains and has a copy signed by all parties. Counterpart signatures executed electronically or copies of counterpart signatures shall be effective as originals.

[SIGNATURES ON FOLLOWING PAGE]

| | | |
|---|---|---|
| Dated: | June 17, 2021 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br><br>By: /s/Philip A. Gasteier<br><br>PHILIP A. GASTEIER<br>Attorneys for Kyle Anderson |
| Dated: | June 16, 2021 | LAW OFFICES OF CHRISTOPHER P. WALKER, P.C.<br><br>By: [signature]<br><br>CHRISTOPHER P. WALKER<br>Attorneys for Jonathan Lee Smith |

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **Stipulation to Extend Time to Commence Action to Determine Dischargeablity of Debt** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 18, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Tanya Behnam on behalf of Creditor Columbia State Bank
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Luke N Eaton on behalf of Creditor Bay Point Capital Partners II, LP
eatonl@pepperlaw.com, jacqueline.sims@troutman.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Philip A Gasteier on behalf of Interested Party Courtesy NEF
pag@lnbrb.com

Eve H Karasik on behalf of Interested Party Kyle Anderson
ehk@lnbyb.com

Mark J Markus on behalf of Interested Party Courtesy NEF
bklawr@bklaw.com, markjmarkus@gmail.com

Aditi Paranjpye on behalf of Creditor One Light Media Capital, LLC
aparanjpye@cairncross.com, gglosser@cairncross.com;AParanjpye@ecf.courtdrive.com

Faye C Rasch on behalf of Interested Party Courtesy NEF
frasch@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com

Arvind Nath Rawal on behalf of Creditor Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP
arawal@americaninfosource.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher P Walker on behalf of Debtor Jonathan Lee Smith
cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com

**2. SERVED BY UNITED STATES MAIL**: On **June 18, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 18, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 18, 2021** | John Berwick | */s/ John Berwick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**