Faye Rasch, State Bar No. 253838
fayer@rasch.law
600 Stewart Street, Suite 1300
Seattle, Washington, 98101
Telephone:    (646) 279-9627

Attorney for Richard Peterson

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JONATHAN LEE SMITH<br><br>Debtor. | Case No. 2:21-bk-12542-BR<br><br>Chapter 7<br><br>**AMENDED STIPULATION TO EXTEND TIME TO COMMENCE ACTION TO DETERMINE DISCHARGEABILITY OF DEBT**<br><br>[No Hearing Required] |

THIS STIPULATION ("this Stipulation") is entered into as of September 16, 2021, between Richard Peterson, SMF Fund I, LLC, SMF Fund II, LLC, and SMF Fund III, LLC (collectively "Peterson") and Jonathan Lee Smith, the Debtor herein ("Debtor" and, collectively with Peterson, the "Parties"), by their undersigned attorneys, and is made with reference to the following facts:

    A.    Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), on March 30, 2021 (the "Petition Date").

    B.    Peterson has asserted that he may have certain causes of action against the Debtor supporting claims that may be determined to be nondischargeable pursuant to 11 U.S.C. §523 following an action commenced in conformity 11 U.S.C. §523(c) and Federal Rule of Bankruptcy

Procedure 4007 (a "523(c) Action"). The Debtor does not agree that Peterson has causes of action against the Debtor supporting claims that may be determined to be nondischargeable.

        C.        Parties previously stipulated to extend the time to commence action to determine dischargeability of debt by 90 days to September 27, 2021.

        D.        In light of the limitation on the time for commencing a 523(c) Action provided in Federal Rule of Bankruptcy Procedure 4007, Peterson and the Debtor have agreed that the time within which Peterson must commence a 523(c) Action against the Debtor shall be extended another 90 days so that the Parties may continue their investigation and efforts to resolve their disputes without the necessity of preparation and filing of a complaint, all as more specifically provided in this Stipulation.

        NOW THEREFORE, with the foregoing background incorporated herein by reference, in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and both Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

        1.        The time within which Peterson must commence a 523(c) Action against the Debtor shall be extended from the current September 27, 2021, to December 27, 2021 (the "Extension Period"). Any other time-related defenses that may be applicable to a 523(c) Action (including statutes of limitation, statutes of repose, estoppel, waiver or laches) shall be deemed tolled such that the Extension Period shall not be included in the computation of time for the purposes of such defenses. During the Extension Period, Peterson shall have the right to commence a 523(c) Action; provided, however, that the Debtor does not waive any of its defenses except defenses related to the enforceability of this Stipulation and, so long as any such 523(c) Action is commenced on or before December 27, 2021, time-bar defenses. The Debtor acknowledges that he will be estopped hereby from arguing that this Stipulation is ineffective to extend the time within which the Trustee may

commence a 523(c) Action. In addition, Peterson and the Debtor contractually agree that Peterson shall have the right to commence a 523(c) Action up to the time set forth in this Stipulation and, so long as any such 523(c) Action is commenced prior to December 27, 2021, the Debtor waives and agrees not to assert the limitations on commencement of actions contained in Federal Rule of Bankruptcy Procedure 4007or other time-bar defenses as a defense to any 523(c) Action commenced by Peterson.

2. Notwithstanding any other provision of this Stipulation, this Stipulation does not affect or revive any claim or defense already barred prior to the date of this Stipulation, by applicable statutes of limitation, defenses or any time-related doctrines, nor does it alter or limit the right of the Defendant to contend that any action was already barred prior to the execution of this Stipulation, by applicable statutes of limitation, defenses or time-related doctrines.

3. Nothing herein shall be considered or construed to be an admission by any party hereto of liability to any other party, or as an admission of the validity of any allegation, claim, or defense whatsoever.

4. This Stipulation shall be binding upon, and the benefit hereof shall inure to, the parties hereto, and their respective heirs, executors, administrators, trustees, agents, representatives, successors and assigns.

5. This Stipulation may be amended, modified or supplemented by a writing signed by all parties hereto or by their legally authorized representatives. This Stipulation may not be modified orally and any purported oral modification shall not be effective.

6. Each party to this Stipulation and each person executing this document on behalf of each party to this Stipulation warrants and represents that he or she has the power and authority to execute, deliver and perform its obligations under this Stipulation.

7. This Stipulation may be executed in counterparts, and as long as each party has executed at least one counterpart, this Stipulation is enforceable and all parties agree after the fact to circulate signature pages so that each party retains and has a copy signed by all parties. Counterpart signatures executed electronically or copies of counterpart signatures shall be effective as originals.

Dated: September 16, 2021

LAW OFFICES OF FAYE C. RASCH

By: /s/ Faye C. Rasch
FAYE C. RASCH
Attorneys for Richard Peterson,
SMF Fund I, LLC, SMF Fund II, LLC,
and SMF Fund III, LLC

Dated: September 16, 2021

LAW OFFICES OF CHRISTOPHER P. WALKER, P.C.

By: _____
CHRISTOPHER P. WALKER
Attorneys for Jonathan Lee Smith, Debtor